UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

_____
                                        :
QINETIQ LIMITED,                        :
                                        :
                                        :
            Plaintiff,                  :           Civil Action No. 09-372 (JAP)
                                        :
      v.                                :           **OPINION**
                                        :
OCLARO, INC.,                           :
                                        :
                                        :
            Defendant.                  :
_____:

PISANO, District Judge.

Presently before the Court in this patent infringement action is a motion by Defendant

Oclaro, Inc. ("Oclaro" or "Defendant") to transfer this matter to the Northern District of

California pursuant to U.S.C. § 1404(c).  The Court decides the matter without oral argument

pursuant to Federal Rule of Civil Procedure 78.  The Court has carefully considered the

submissions of the parties and, for the reasons below, Oclaro's motion to transfer venue to the

Northern District of California shall be granted.

**I.  Background**

This case involves the alleged infringement of two patents owned by Plaintiff QinetiQ

Limited ("QinetiQ" or "Plaintiff"):  U.S. Patent No. 5,410,625, entitled "Optical Device for

Beam Splitting and Recombining," and U.S. Patent No. 5,428,698, entitled "Signal Routing

Device."  Compl. ¶¶ 6-9, 14-17.  These patents cover "multi-mode interference" ("MMI")

devices that may be used to split, combine or route optical signals.  *See* Patents at Compl. Ex. A, B.  Such devices are used for fiber optic communications.  Def. Brf. at 2.  Plaintiff alleges that Defendant has made, used and/or sold in the United States, or has imported into the United States, optical components and modules that are covered by one or more claims of each of the above patents.

Plaintiff is a defense and security company registered under the laws of the United Kingdom with its principal place of business in London, U.K.  Compl. ¶ 2.  Plaintiff is engaged in the research and development of various technologies, including MMI devices.  *Id.* According to Plaintiff, all of the employees involved in the prosecution and licensing of the patents-in-suit, the inventors, and other relevant current and former QinetiQ employees are all located in the U.K.

Defendant Oclaro is a Delaware corporation with its principal place of business in San Jose, California.  Answer ¶ 3.  Oclaro produces optical components for use in a broad range of markets.  *Id.*  Oclaro has four offices in the United States, three of which are in California (San Francisco Bay area) and one which is in New York.  Decl. of Jerry Turin ("Turin Decl.") ¶ 4.  According to Oclaro, persons knowledgeable about and documents relating to the design, development, sales and marketing of Oclaro's MMI products are located in its California headquarters and the U.K.  *Id.* ¶ 7.  Persons knowledgeable about and documents relating to the manufacturing of Oclaro's MMI products are in the U.K and China.  *Id.* ¶ 8.

Defendant argues that transfer is warranted because the only connection between this dispute and Delaware is Oclaro's Delaware incorporation.  Specifically, no material events

2

occurred and no witnesses are located in Delaware.  Neither party in this case appears to have any offices, property, employees or records located in Delaware.  Considering the inconvenience to witnesses and business operations, Defendant urges transfer to the Northern District of California, which it claims has the strongest ties, at least in the United States, to the facts and witnesses for this case.

Plaintiff, on the other hand, opposes the transfer.  Plaintiff argues that in light of the deference to which a plaintiff's choice of forum is entitled, the balance of the relevant considerations do not weigh in favor of transfer.

## II.  Legal Standard

This Court has the authority to transfer this action, in its discretion, to the Northern District of California pursuant to 28 U.S.C. § 1404(a).  Section 1404(a) provides that a district court may transfer a civil action "for the convenience of parties and witnesses, in the interest of justice" to a district in which the action might have been brought.  28 U.S.C. § 1404(a).  However, the plaintiff's choice of forum should not be lightly disturbed.  *See Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 879 (3d Cir. 1995).  Accordingly, the moving party has the burden to establish that the proposed transferee forum is a proper forum and that a balancing of the proper interests weighs in favor of transferring the case there.  *See id.* at 879; *see also Job Haines Home for the Aged v. Young*, 936 F. Supp. 223, 227 (D.N.J. 1996) (" 'The moving party [pursuant to § 1404(a)] must thus prove that "its alternative forum is not only adequate, but more convenient than the present forum.' " (quoting *Hudson United Bank v. Chase Manhattan Bank*, 832 F. Supp, 881, 888 (D.N.J. 1993)).

3

### III.  Legal Discussion

### A.  Whether the Northern District of California is a "District in which this Action Might Have Been Brought" Under Section 1404(a)

First, this Court must determine if the Northern District of California is a "district in which this action might have been brought" pursuant to section 1404(a).  A district is one in which an action "might have been brought" if that district  has (1) subject matter jurisdiction over the claims; (2) personal jurisdiction over the parties; and (3) is a proper venue.  *See Shutte v. Armco Steel Corp.,* 431 F.2d 22, 24 (3d Cir. 1970); *High River Ltd. P'ship v. Mylan Laboratories, Inc.,* 353 F. Supp. 2d 487, 493 (M.D. Pa. 2005); *CIBC World Markets,* 309 F. Supp. 2d at 643-44.  The Third Circuit made clear in *Shutte v. Armco Steel Corp.* that the relevant considerations in a section 1404(a) analysis are jurisdiction and venue:

> [A] transfer is authorized by [§ 1404(a)] only if the plaintiff had an 'unqualified right' to bring the action in the transferee forum at the time of the commencement of the action; i.e., venue must have been proper in the transferee district and the transferee court must have had power to command jurisdiction over all of the defendants."

*Shutte*, 431 F.2d at 24.

The Court finds that the Northern District of California is a district where this action might have been brought.  Oclaro's principal place of business is located in San Jose, California, which is within the Northern District of California.  Additionally, according to Oclaro, its design, development and sales activities with respect to the accused products are centered in San Jose.  Turin Decl. ¶ 8.  As such, the parties do not appear to dispute that Plaintiff could have brought this suit in the Northern District of California.

4

**B.      Whether the Northern District of California is the More Convenient Forum and Whether it is in the Interests of Justice to Transfer this Action to that District**

Next, the Court must determine if Defendants have established that the Northern District of California is the more appropriate and convenient forum to hear this matter. Although emphasizing that "there is no definitive formula or list of factors to consider," the Third Circuit has set forth a variety of private and public interests for the Court to consider in determining whether to transfer this case under section 1404(a). *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir.1995).

The private interests include: (1) plaintiff's forum preference; (2) defendant's forum preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of witnesses to the extent that they may be unavailable for trial in one of the fora; and (6) the location of sources of proof such as books and records to the extent that the records could not be produced in the alternative forum.[1] *See, e.g., Jumara*, 55 F.3d at 879.

The public interests to consider include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local disputes at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases.[2] *See, e.g.,*

---

[1]In later decisions, courts have noted that given the state of technology and electronic discovery, it is unlikely that parties would be unable to produce documents in an alternative forum. *See, e.g., ADE Corp. v. KLA-Tencor Corp.*, 138 F. Supp. 2d 565, 571 (D. Del. 2001). Accordingly, this factor was not addressed by the movant and, therefore, was not considered by the Court.

[2]This not being a diversity case, the last factor is inapplicable here.

5

*Jumara*, 55 F.3d at 879.

In considering the above factors, the Court finds that the relevant interests weigh in favor of transferring this case to the Northern District of California.  Although Plaintiff correctly argues substantial deference is typically given to Plaintiff's choice of forum, the Court affords less deference to Plaintiff's forum choice in this case for two reasons.  First, Delaware is not Plaintiff's "home" forum.  The rule deferentially viewing a plaintiff's choice of forum is premised on an assumption that a home forum is inherently more convenient than a transferee forum.  *Lony v. E.I. DuPont de Nemours & Co.*, 886 F.2d 628, 634 (3d Cir. 1989). In this case, Plaintiff's principal place of business is in the U.K., making significant travel for Plaintiff inevitable whether the case proceeds in Delaware or California.  However, for Oclaro, which is located in California, litigating in Delaware will require substantial travel, expense, and inconvenience with little, if any, benefit to Plaintiff.  Thus, in cases like the instant one where a lawsuit is brought in a district that is not the Plaintiff's home forum, Plaintiffs choice is accorded less weight.  *Tischio v. Bontex, Inc.*, 16 F. Supp.2d 511, 521 (D.N.J. 1998).

Second, the operative facts of this lawsuit occurred outside of Delaware; none of the allegedly infringing acts occurred within this district.  *Eagle Traffic Control v. James Julian, Inc.*, 933 F. Supp. 1251, 1259 (E.D. Pa.1996) (noting that "courts consistently hold that a '[plaintiff's] choice is deserving of less weight where none of the operative facts of the action occur in the forum selected by the plaintiff.'").  Oclaro contends, and QinetiQ does not dispute, that Delaware has no connection to any acts giving rise to the dispute--the design, development and manufacture of Defendant's MMI product occurs in California or overseas,

and Oclaro does not sell or ship MMI products to any company in Delaware.  As the forum is not connected to any of the acts giving rise to the dispute, Plaintiff's choice is entitled to less deference.

The only connection this matter has to the present forum is that Defendant is a Delaware corporation.  However, it is clear that a party's incorporation in Delaware is not dispositive of a motion to transfer.  *See APV N. Am., Inc. v. Sig Simonazzi N. Am., Inc.*, 295 F. supp.2d 393, 398-99 (D. Del.2002) ("Where an alternative forum is more convenient and has more substantial connection with the litigation incorporation in Delaware will not prevent transfer.").  In the instant case, Defendant is headquartered in California, and the majority of its management executives reside within the Northern District of California.  Nearly all of its party witnesses on the design, development, sales and marketing of MMI products are located there.  Turin Decl. ¶ 8.  Additionally, Defendant points to certain non-party witnesses located in California, specifically, corporate witnesses from JDS Uniphase Corporation ("JDSU"), which is a company that licenses the technology at issue from Plaintiff.  JDSU is headquartered in Milpitas, California, and is within the subpoena power of the Northern District of California but not the District of Delaware.  Oclaro anticipates that testimony from JDSU witnesses will be relevant with regard to the issue of damages.

Given the locations of the parties and witnesses, it is clear that litigating this matter in the Northern District of California would be significantly more convenient and less burdensome for Defendant and, for all practical purposes, equally convenient for Plaintiff.  The Court, having considered all of the relevant *Jumara* factors, finds that transfer of this matter is appropriate and in the interests of justice.  Defendant's motion shall be granted, and

this matter transferred to the Northern District of California.

**IV. <u>Conclusion</u>**

      For the reasons set forth above, Defendant's motion to transfer is granted.  An

appropriate Order accompanies this Opinion.


                           <u>/s/ JOEL A. PISANO      </u>
                           United States District Judge

Dated:  December 18, 2009